PER CURIAM.
Tina Pedersen appeals from the final order of the Unemployment Appeals Commission denying her benefits. We affirm.
Pedersen was terminated from her employment at a physician’s office after a police search of her home revealed samples of medication removed from her place of employment. A hearing was conducted on May 26, 2010. We have no transcript of that hearing. The issue before the appeals referee was whether Pederson appropriated the samples with the implicit knowledge and consent of the employer. The referee rendered a decision the same day, noting conflicting testimony on that issue and resolving the conflict against Pedersen. Then the referee inadvertently reversed the earlier denial of benefits. On September 15, 2010, a corrected decision was entered affirming the denial of benefits.
Although not contained in the court file, Pedersen timely sought review of the September 15th order. On October 20, 2010, the referee’s determination was upheld by the Unemployment Appeals Commission. This appeal followed.
The lack of a record on appeal is fatal to Pedersen’s appeal. See Wolfson v. Unemployment Appeals Comm’n, 649 So.2d 363, 363 (Fla. 5th DCA 1995) (“[Wlhere the thrust of the argument is fact findings made by the referee, the appellant’s failure to include a copy of the transcript, as part of the record on appeal, is fatal.”) (citation omitted).
AFFIRMED.
GRIFFIN, MONACO and COHEN, JJ., concur.